**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| GARY BRUCE BROOKS, )<br>　　　　　Petitioner, )<br>vs. )<br>　　　　　　　　　　　　　　 )<br>ROBERT LEGRAND, )<br>　　　　　Respondent. ) | 3:11-cv-00328-RCJ-WGC<br><br>ORDER |

　　　　This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is respondents' Motion to Dismiss (ECF No. 9). Despite being given more than nine months to file a response, the motion remains unopposed. *See e.g.* Motion for Extension of Time (ECF Nos. 14 and 17).

　　　　The motion to dismiss contends that all three grounds of the petition remain unexhausted in state court. It is imperative that a federal petitioner has given the state courts a full and fair opportunity to review and, if necessary, remedy any federal constitutional violations claimed by a criminal defendant. *See* 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509 (1982); *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). Petitioner has not disputed the allegations about exhaustion of the claims made by the respondents. As a result, this Court will grant the motion to dismiss. LR 7-2(d).[1]

---

[1] . . . The failure of a opposing party to file points and authorities in response to the motion shall constitute a consent to the granting of the motion.

Where the allegation is that the claims are unexhausted, the dismissal shall be without prejudice. Should petitioner properly exhaust his claims in state court, he may pursue his claims with this court once again.[2]

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITHOUT PREJUDICE.** The Clerk shall enter judgment accordingly.

Dated this 25th day of September, 2012.

_____
UNITED STATES CHIEF DISTRICT JUDGE

---

[2] The Court makes no assessment of petitioner's ability to meet the various procedural requirements of 28 U.S.C. § 2254 and its related provisions should he attempt to exhaust and return.